UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JED RUDD,** on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**UNION HOME MORTGAGE CORP.,**<br><br>　　　　　　　　Defendant. | Case No. 1:25-cv-01874<br><br>Judge Solomon Oliver, Jr. |
| **DOMINIC BROWN,** on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**UNION HOME MORTGAGE CORP,**<br><br>　　　　　　　　Defendant. | Case No. 1:25-cv-01920<br><br>Judge Patricia A. Gaughan |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO
CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL**

**I.　BACKGROUND**

This litigation arises from a significant data breach at Defendant Union Home Mortgage Corp. ("UHM"), which provides mortgage loans to help clients purchase homes. *See Rudd* Compl., Doc. 1, ¶ 3; Complaint, *Brown v. Union Home Mortgage Corp.*, No. 1:25-cv-1920, Doc. 1 ¶ 3 (Sept. 9, 2025) ("*Brown* Compl."). Recently it was discovered that Defendant UHM maintained an unencrypted and non-password protected database containing records that were exposed in a publicly available forum ("Data Breach"). This database is alleged to include personally

1

identifiable information ("PII") such as names, drivers' licenses/state ID, and/or passports, addresses, dates of birth, and Social Security numbers (collectively, "Private Information"). *See Rudd* Compl. ¶ 6.

Two separate class action lawsuits have been filed in this District arising from the Data Breach: *Rudd v. Union Home Mortgage Corp.*, No. 1:25-cv-1874 (filed Sept. 8, 2025); and *Brown v. Union Home Mortgage Corp.*, No. 1:25-cv-1920 (filed Sept. 9, 2025). The cases arise from the same common nucleus of operative facts and assert the same, or substantially similar, claims on behalf of the same class against the same Defendant. Given the nature of the allegations in this case, additional copycat suits may be filed against UHM. Plaintiffs' counsel have self-organized to avoid any delay that could be caused by a leadership dispute and now seek the Court's approval of this structure to facilitate the orderly and expeditious prosecution of this litigation.

## II. LEGAL STANDARD

The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 42(a); *see also Bell v. Willis*, No. 1:07-CV-212, 2007 WL 4338135, at *1 (E.D. Tenn. Dec. 10, 2007) ("Federal Rule of Civil Procedure 42(a) provides the Court with discretion in deciding whether to consolidate two or more cases when they involve a common question of law or fact.");

*see also Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010-11 (6th Cir.1993). A district court is given "broad discretion to decide whether consolidation would be desirable." 9 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 2383 (2d 2007).

Rule 23(g)(3) explicitly permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual for Complex Litig.* § 21.11 (4th ed. 2004); *see also In re Am. Honda Motor Co., Inc.*, No. 2:15-MD-2661, 2015 WL 12723036, at *1 (S.D. Ohio Dec. 18, 2015) (same).

When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Fed. R. Civ. P. 23(g)(1)(A). *Kjessler v. Zaappaaz, Inc.*, No. 4:17-CV-3064, 2018 WL 8755737, at *3 (S.D. Tex. Aug. 31, 2018) (citing *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016)); *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008). Under the rule, a court appointing class counsel must evaluate whether the proposed counsel will fairly and adequately represent the interests of the class. *See* Fed. R. Civ. P. 23(g)(2), (4).

In doing so, a court must consider the following factors: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A), (2). The court, in its discretion, may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the

3

class." Fed. R. Civ. P. 23(g)(1)(B). The purpose of a court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all the parties on their side, and that their charges will be reasonable." *Manual for Complex Litig.* § 10.22. The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221.

### III. ARGUMENT

#### A. The Related Actions should be consolidated.

Plaintiffs respectfully request and jointly agree that the Related Actions be consolidated. The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.

Here, consolidation of the Related Actions is warranted, as the actions require proof of the same basic set of facts. Specifically, each of the Related Actions focuses on whether the Defendant is liable to consumers for its failure to protect the Private Information entrusted to it by those consumers. Since the Related Actions pending before this Court present many of the same factual and legal issues, involve the same Defendant, and will involve substantially the same discovery, consolidation is appropriate. *See Club v. ICG Hazard, LLC*, No. 11-cv-148, 2012 WL 12925351, at *2 (E.D. Ky. Apr. 25, 2012) ("I find these actions involve common questions of law and fact and that consolidation is appropriate to avoid unnecessary costs and delay and to maximize judicial resources.").

Indeed, if not consolidated, the separate Related Actions would result in virtually identical discovery requests, duplicative motions practice, and would cause an unnecessary drain on judicial resources. This remains true despite minor variations in class definitions and state-specific causes of action in the Related Actions. For these reasons, Ohio federal courts have routinely consolidated

cases where several complaints are filed relating to the same data breach. *See generally Tate v. EyeMed Vision Care, LLC*, No. 1:21-cv-00055 (S.D. Ohio); *In re Luxottica of Am., Inc Data Security Breach Litigation*, No. 1:20-cv-00908 (S.D. Ohio; Doc. 5); *Tucker v. Marietta Area Health Care, Inc. d/b/a Memorial Health System*, No. 2:22-cv-00184 (S.D. Ohio; Doc. 6), *Davis v. Cinfed Federal Credit Union*, No. 1:23-cv-00776 (S.D. Ohio; Doc. 8).

In addition, to ensure continued judicial efficiency, Plaintiffs also respectfully submit that the Court should order that any future actions that are filed or transferred to this Court based on the same or similar facts and circumstances be consolidated with the Consolidated Action. *See Troy Stacy Enterprises Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 411 (S.D. Ohio 2021) ("All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action.").

Defendant will suffer no prejudice by litigating one consolidated action rather than two or more separate suits, and as a result, consolidation of the Related Actions would benefit all parties.

**B.    Terence R. Coates is qualified to serve as Interim Class Counsel.**

The Court should appoint Terence R. Coates as Interim Class Counsel because he has successfully litigated numerous class actions involving data breaches and complex litigation on behalf of consumers, has extensive experience in this District, and has the necessary resources to prosecute the litigation efficiently and effectively. Mr. Coates satisfies all requirements for appointment as Interim Class Counsel by the Court as explained in detail herein and in the Declaration of Terence R. Coates submitted in support of this Motion.

*1. Proposed Interim Class Counsel has coordinated Plaintiffs' efforts and investigated Plaintiffs' potential claims.*

Immediately after the public announcement of the Data Breach, Proposed Interim Class Counsel began investigating potential legal claims and remedies for the victims of the Data

Breach, including Plaintiffs. Those investigations included, among other things:

- Reviewing UHM notices and investigative publications regarding the Data Breach;

- Reviewing state attorney general websites for information relating to the Data Breach, including attempting to determine the data sets impacted in the Data Breach and the potential number of individuals impacted in the Data Breach;

- Reviewing the draft complaints in the Related Actions;

- Reviewing relevant authorities from this District on data privacy matter; and,

- Coordinating with Plaintiffs' Counsel with the intention of streamlining this litigation including requesting to consolidate the Related Actions.

Accordingly, Plaintiffs' counsel worked to quickly organize, attempted to address the merits on an expedited basis, and avoided any delay that could be caused by a leadership dispute. For the work completed following the informal organization of counsel, the only attorneys committing substantive time to an assignment are those necessary for its execution. This ensures that the work is completed efficiently, and the time and expense is well managed. Accordingly, the substantial work and investigation to date described above weigh in favor of appointing Proposed Interim Class Counsel pursuant to Rule 23(g)(3), as Proposed Interim Class Counsel is organized and committed to working for the best interest of the class.

### 2. *Proposed Interim Class Counsel Has Significant Relevant Experience*

Terence R. Coates is the managing partner of Markovits, Stock & DeMarco, LLC, President-Elect of the Cincinnati Bar Association's Board of Trustees, and the Executive Director of the Potter Stewart Inn of Court (Southwest Ohio). Courts in Ohio routinely appoint Mr. Coates to serve as a member of class counsel in class action cases while noting his and his firm's extensive experience with handling class action cases. *See Shy v. Navistar Int'l Corp.*, No. 3:92-CV-00333, 2022 WL 2125574, at *4 (S.D. Ohio June 13, 2022) ("Class Counsel, the law firm Markovits, Stock & DeMarco, LLC [including Mr. Coates], are qualified and are known within this District

for handling complex cases including class action cases such as this one."); *Bechtel v. Fitness Equip. Servs., LLC*, 339 F.R.D. 462, 480 (S.D. Ohio 2021) ("plaintiffs' attorneys have appeared in this Court many times and have substantial experience litigating class actions and other complex matters."); *Compound Prop. Mgmt. LLC v. Build Realty, Inc.*, 343 F.R.D. 378, 402 (S.D. Ohio 2023) (recognizing Mr. Coates and his firm as "qualified counsel" with "class-action experience before this Court and elsewhere."); *see also Bedont v. Horizon Actuarial Servs., LLC*, No. 1:22-CV-01565, 2022 WL 3702117, *2 (N.D. Ga. May 12, 2022) (recognizing Mr. Coates as "well qualified to serve as Interim Co-Lead Class Counsel . . ."). A fuller description of Mr. Coates' experience is provided in the Coates Declaration attached hereto as **Exhibit 1**.

### 3. *Proposed Interim Class Counsel has committed, and will continue to commit, the resources necessary to represent the putative class.*

A court appointing interim lead counsel should consider, in part, the resources that counsel will commit to representing the putative class. Fed. R. Civ. P. 23(g)(1)(C). Here, Proposed Interim Class Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located locally and across the country. Coates Declaration ¶ 4. Furthermore, Proposed Interim Class Counsel has already demonstrated his commitment to this litigation by moving to consolidate all pending cases in order to prepare for the filing of a single, consolidated complaint. Proposed Interim Class Counsel has the resources to fund and efficiently prosecute this litigation.

### 4. *Other Factors Support Designating Proposed Interim Class Counsel*

Notably, the proposed leadership structure has the support of all the Plaintiffs and their attorneys. *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at *5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel. . . . Absent persuasive evidence to the contrary, the court assumes that nominations and votes for lead counsel

7

are made in good faith for reasons that benefit the client."); *see also In re Wendy's Co. S'holder Derivative Litig.*, No. 1:16-cv-1153, 2018 WL 6605394 at *2 (S.D. Ohio Dec. 17, 2018) (quoting *Kubiak v. Barbas*, No. 3:11-cv-141, 2011 WL 2443715, at *2 (S.D. Ohio June 14, 2011) ("[C]ounsel's ability to make inclusive efforts on behalf of all plaintiffs is an 'essential attribute' for lead counsel.")); *Manual for Complex Litig.* § 10.22 (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"); *id.* § 10.272 (describing "private ordering" approach). Proposed Interim Class Counsel seeks this leadership structure to best serve the interests of the Class Members in the most efficient manner possible.

Another important consideration in selecting leadership is the ability to work well as a team, with opposing counsel, and with the Court. The role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the court, all of which are "critical to successful management of the litigation." *Manual for Complex Litig.*, § 10.23. One of the demanding aspects of complex litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id.* § 10.21. Unlike defense counsel, the plaintiffs' side of consolidated litigation must quickly and effectively merge together to form an alliance against often well-financed opponents, as is the case here. It is useful to consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 43, (2d ed. 2018), https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=1004&context=bolch. Proposed Interim Class Counsel has developed working relationships with each of the other Plaintiffs' counsel listed in the Related Actions. These relationships and this experience will prove invaluable if any other cases are filed related to this Data Breach. *Id.*

Importantly, Proposed Interim Class Counsel has not made any agreements with any third parties or other law firms with respect to funding, cost-sharing, pooling clients, fees, or any other matter. Coates Declaration ¶ 5. Proposed Interim Class Counsel understands that his firm will be required to fund the prosecution of this litigation for Plaintiffs, and will not accept any third-party funding to do so. *Id.* ¶ 6.

While Proposed Interim Class Counsel intends to litigate the case zealously, he is fully aware of the Court's expectation that the case be prosecuted efficiently with an eye on avoiding duplication among Plaintiffs' counsel. Proposed Interim Class Counsel has already discussed with Plaintiffs' counsel how best to organize to effectively use their diverse skills and unique experiences for the efficient prosecution and management of this litigation, while avoiding unnecessary and duplicative billing. *Id.* ¶ 4.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court consolidate the Related Actions and appoint Terence R. Coates of Markovits, Stock & DeMarco, LLC as Interim Class Counsel. A Proposed Order granting this Motion is attached.

Dated: September 16, 2025          Respectfully submitted,

/s/ *Terence R. Coates*
Terence R. Coates (0085579)
MARKOVITS, STOCK & DEMARCO, LLC
119 East Court Street, Suite 530
Cincinnati, Ohio 45202
Telephone: (513) 651-3700
Facsimile: (513) 665-0219
tcoates@msdlegal.com

*Proposed Interim Class Counsel*

Dylan J. Gould (0097954)
MARKOVITS, STOCK & DEMARCO, LLC
119 East Court Street, Suite 530
Cincinnati, Ohio 45202

9

        Telephone: (513) 651-3700
        Facsimile: (513) 665-0219
        dgould@msdlegal.com

        David K. Lietz*
        MILBERG COLEMAN BRYSON
        PHILLIPS GROSSMAN, PLLC
        5335 Wisconsin Ave., NW, Suite 440
        Washington, DC 20015
        Phone: 866.252.0878
        dlietz@milberg.com

        Jeff Ostrow*
        KOPELOWITZ OSTROW P.A.
        One West Las Olas Boulevard
        Fort Lauderdale, FL 33301
        Tel.: (954) 525-4100
        ostrow@kolawyers.com

        * Motion for admission *pro hac vice* forthcoming

        *Attorneys for Plaintiffs and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2025, I served the foregoing upon Defendant by mail in accordance with Fed. R. Civ. P. 5(b)(2)(C), as follows:

Union Home Mortgage Corp.
8241 Dow Circle West
Strongsville, Ohio 44136

        */s/ Terence R. Coates*
        Terence R. Coates (0085579)

10