## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ***In re Union Home Mortgage Corp. Data Breach Litigation*** | ) CASE NO. 1:25-CV-1874 |
| | ) |
| | ) JUDGE OLIVER |
| | ) |
| | ) **RESPONSE TO NOTICE OF** |
| | ) **SUPPLEMENTAL AUTHORITY** |
| | ) |

Plaintiffs proffer *Munger v. Matco Tools Corp.*, No. 5:23-CV-00337, 2026 WL 1223399 (N.D. Ohio May 5, 2026) as supplemental authority in support of their Opposition to Union Home Mortgage Corp.'s ("UHM") Motion to Dismiss. But *Munger* is wrong on key points, and inconsistent with the decisions of numerous other courts.  Moreover, *Munger* is both procedurally and factually distinguishable.

Notably, Matco Tools lodged only a facial challenge to standing, whereas UHM has raised both a facial and a factual challenge. Thus, the *Munger* decision fails to touch upon any of the arguments UHM has raised in its factual challenge to Plaintiffs' standing or the cases UHM cites in support.[1]

As to UHM's facial challenge, this Court should not follow the reasoning of *Munger* that an increased risk of future harm arising from a data breach is sufficient to state an injury-in-fact. That reasoning is incorrect in light of the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). *See Marlin v. Associated Materials, LLC*, No. 5:23cv 1621, 2024 WL 2319115 at *1-4 (N.D. Ohio May 22, 2024).  UHM respectfully submits that this Court should follow the reasoning of Judge Pearson in *Marlin* rather than that of the court in *Munger*.

---

[1] Moreover, Matco Tools facially challenged only the first element of standing (injury-in-fact) whereas UHM has also challenged the second required element, traceability.

Similarly, *Munger*'s holding that an unauthorized third party's theft of PII works a "privacy injury" sufficient for Article III standing, 2026 WL 1223399 at *6, is also incorrect and should not be followed.  *See* Reply in Support of UHM's Motion to Dismiss at 5-6; *Marlin*, 2024 WL 2319115 at *3-4.

In any event, even if *Munger*'s reasoning were sound, that case is factually distinguishable from the case at bar. Most importantly, the *Munger* Plaintiffs were allegedly told that their data *was* accessed by an unauthorized actor, but the UHM Plaintiffs were told only that their data had "*potentially*" been affected by a data breach. Plaintiffs here have not been told that their data *was* impacted, which makes their assertions about the risk of future injury conclusory and unsupported by well pleaded factual allegations.[2] This distinction is highly relevant for purposes of determining whether the UHM Plaintiffs have plausibly alleged standing for purposes of UHM's facial attack. *See* Memo. in Support of UHM's Motion to Dismiss at 6-7.

For the reasons cited in UHM's Motion to Dismiss, Plaintiffs' claims should be dismissed in their entirety.

Respectfully submitted,

---

[2] *Compare* Matco Notice (Consolidated Class Action Complaint, Doc. # 11, ¶ 40) ("On December 8, 2022, we determined that a file or folder was accessed by the unauthorized actor which contained your name and <<Variable Data 1>>") *with* UHM Notice (Consolidated Class Action Complaint, Doc.#12, ¶ 5, n. 4) ("On August 26, 2025, UHM learned that your personal information was potentially accessed without authorization…Please note that we have no evidence of the misuse, or attempted misuse, of any potentially impacted information.").

*s/ Michael A. Vatis*

BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
Laura E. Kogan (0087453)
Caroline R. Hamilton (0100390)
Hannah Laubach (0104600)
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email:  lkogan@beneschlaw.com
          chamilton@beneschlaw.com
          hlaubach@beneschlaw.com

Michael A. Vatis (*pro hac vice*)
1155 Avenue of the Americas, Floor 26
New York, New York 10036
Telephone:  646.593.7050
Facsimile:  646.755.3397
Email:  mvatis@beneschlaw.com

*Attorneys for Defendant*
*Union Home Mortgage Corp.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 2, 2026, I served the foregoing upon counsel of record for all parties by filing it with the Court's electronic filing system.

*/s/ Michael A. Vatis*  
Michael A. Vatis
