**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| ***In Re Union Home Mortgage Corp. Data Breach Litigation*** | Case No. 1:25-cv-1874<br><br>District Judge Solomon Oliver, Jr.<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXPERT REPORT IN SUPPORT** |

The Court should deny Defendant's motion for leave to file a supplemental expert report in support of its motion to dismiss. A plaintiff must only "demonstrate standing with the manner and degree of evidence required at the successive stages of the litigation." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (citation omitted). This case is at the pleading stage, which prevents Plaintiffs from conducting discovery. Therefore, the burden to demonstrate standing is light, appropriately resting on the pleadings. The expert testimony proffered by Defendant should be rejected because it will not assist the Court in its analysis at this stage. Instead, Defendant seeks to skip the pleading stage because Plaintiffs have plausibly alleged that they face an increased risk of identity theft, which this Court has concluded is "cognizable" for purposes of Article III standing and damages. *Allen v. Wenco Mgmt., LLC*, 696 F. Supp. 3d 432, 438 (N.D. Ohio 2023) (Oliver, J.). Defendant seeks to evade that holding by asking the Court to find, as a matter of fact, that there is not an increased risk of identity theft based on facts and expert testimony that have not been tested through the discovery process.

Although the original and supplemental expert reports opine that there is no longer an increased risk of harm because Defendant paid a ransom for the deletion of stolen information, courts have recognized that the payment of a ransom does not obviate the risk of harm. *See, e.g.,*

*In re MOVEit Customer Data Sec. Breach Litig.*, No. 1:23-md-03083, 2024 WL 5092276, at *6 (D. Mass. Dec. 12, 2024); *In re Change Healthcare, Inc. Customer Data Sec. Breach Litig.*, No. 24-md-3108, 2025 WL 3693201, at *6-7 (D. Minn. Dec. 19, 2025). Even if Defendant could prove that the information stolen in the data breach is not currently listed for sale on the dark web, that does not mean it was not previously published on the dark web, or that it will not be in the future. Plaintiffs should have an opportunity to review the facts underlying the Data Breach and Defendant's response to it (including the payment of a ransom and communications with the threat actors), and to test the methodology of its expert before it can respond to the reports.[1]

Perhaps more importantly, it is unnecessary for the Court to consider the risk of harm at this stage because Plaintiffs have suffered independent privacy injuries stemming from the alleged theft of their private information. An "alleged privacy injury" in the wake of a data breach like this "is sufficiently concrete for Article III purposes." *Allen*, 696 F. Supp. 3d at 437; *accord Munger v. Matco Tools Corp.*, No. 5:23-CV-00337, 2026 WL 1223399, at *6 (N.D. Ohio May 5, 2026) ("This Court agrees with the *Allen* court that . . . an unauthorized third party stealing PII is a privacy injury that suffices 'for Article III purposes.'"). The original and supplemental expert reports do not deny that Plaintiffs' personal information was exfiltrated by a criminal organization in a data breach—they simply opine that the information was deleted and not disclosed to *more* unauthorized people. However, as Judge Ruiz recently explained, there is "no reason to require 'widespread disclosure' of stolen PII to establish a privacy injury." *Munger*, 2026 WL 1223399, at *6. It is sufficient that Plaintiffs have alleged, and Defendant has acknowledged, that at least one threat actor already had possession of its data. Further disclosure of stolen information is not

[1] For example, Defendant has stated that the threat actor produced logs confirming that it deleted the stolen information (Doc. 15-2 at PageID 249, ¶ 11), but Defendant still has not shared these logs with Plaintiffs' counsel. *See* Mem. in Opposition, Doc. 20 at PageID 376, n.5.

required because an injury has already occurred.

If this Court agrees that Plaintiffs have plausibly alleged privacy injuries, it does not need to consider if other injuries have occurred (or will in the future). *Cf. Attias v. Carefirst, Inc.*, 865 F.3d 620, 626 n.2 (D.C. Cir. 2017) ("Because we conclude that all plaintiffs . . . have standing to sue CareFirst based on their heightened risk of future identity theft, we need not address the Tringlers' separate argument as to *past* identity theft.").

Respectfully submitted,

*/s/ Terence R. Coates*
Terence R. Coates (0085579)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 East Court Street, Suite 530
Cincinnati, Ohio 45202
Telephone: (513) 651-3700
Facsimile: (513) 665-0219
*tcoates@msdlegal.com*

*Interim Class Counsel for*
*Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2026, I served the foregoing upon counsel of record for all parties by filing it with the court's electronic-filing system in accordance with Fed. R. Civ. P. 5(b)(2)(E).

*/s/ Terence R. Coates*
Terence R. Coates (0085579)