**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| ***In Re Union Home Mortgage Corp. Data Breach Litigation*** | Case No. 1:25-cv-1874<br><br>District Judge Solomon Oliver, Jr.<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXPERT REPORT** |

The Court should deny Defendant's motion for leave to file a supplemental expert report in support of its motion to dismiss (Doc. 25). Plaintiffs need only "demonstrate standing with the manner and degree of evidence required at the successive stages of the litigation." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (citation omitted). This case is at the pleading stage, which prevents Plaintiffs from conducting discovery. Therefore, the burden to demonstrate standing is light, appropriately resting on the pleadings. Plaintiffs have plausibly alleged that they face an increased risk of identity theft, which this Court has concluded is "cognizable" for purposes of Article III standing and damages. *Allen v. Wenco Mgmt., LLC*, 696 F. Supp. 3d 432, 438 (N.D. Ohio 2023) (Oliver, J.). The supplemental expert testimony proffered by Defendant should be rejected because it will not assist the Court in its analysis at this stage. Rather, Defendant's motion for leave is a continuation of its campaign to evade the holding in *Allen* by injecting facts and expert testimony into the record that have not been previously disclosed or tested through discovery. That is not what the pleading stage is for.

Although the original and supplemental expert reports opine that "Plaintiffs' claims of increased risk . . . are not substantiated by evidence," courts have recognized that ransom payments do not necessarily obviate the risk of harm. *See, e.g., In re MOVEit Customer Data Sec. Breach Litig.*, No. 1:23-md-03083, 2024 WL 5092276, at *6 (D. Mass. Dec. 12, 2024); *In re Change*

*Healthcare, Inc. Customer Data Sec. Breach Litig.*, No. 24-md-3108, 2025 WL 3693201, at *6-7 (D. Minn. Dec. 19, 2025). Even if Defendant could prove that information stolen in the data breach is not currently listed for sale on the dark web, that does not mean it was not previously published on the dark web, or that it will not be in the future.[1] Plaintiffs should have an opportunity to review the facts underlying the Data Breach and Defendant's response to it (including the payment of a ransom and communications with the threat actors), and to test the methodology of its experts.

Furthermore, the Court does not need to consider the risk of harm at this stage because Plaintiffs have suffered independent privacy injuries stemming from the initial theft of private information. An "alleged privacy injury" in the wake of a data breach like this "is sufficiently concrete for Article III purposes." *Allen*, 696 F. Supp. 3d at 437; *accord Munger v. Matco Tools Corp.*, No. 5:23-CV-00337, 2026 WL 1223399, at *6 (N.D. Ohio May 5, 2026) ("This Court agrees with the *Allen* court that . . . an unauthorized third party stealing PII is a privacy injury that suffices 'for Article III purposes.'"). The original and supplemental expert reports do not deny that Plaintiffs' information was exfiltrated by a criminal organization in the data breach—they simply opine that it was likely deleted and not disclosed *to anyone else*.

As Judge Ruiz reiterated in an opinion issued after Plaintiffs filed their memorandum in opposition to the motion to dismiss (Doc. 20), there is "no reason to require 'widespread disclosure' of stolen PII to establish a privacy injury." *Munger*, 2026 WL 1223399, at *6. It is sufficient that at least one threat actor already had possession of the data. The further disclosure of stolen information is unnecessary to confer standing because an injury has already occurred. If the Court agrees, then it does not need to consider (at this stage) if other injuries have occurred or will

[1] The supplemental report even admits that "there is no way to prove whether the data was truly deleted by the threat actor . . . ." Doc. 25-1 at PageID 445.

in the future. *Cf. Attias v. Carefirst, Inc.*, 865 F.3d 620, 626 n.2 (D.C. Cir. 2017) ("Because we conclude that all plaintiffs . . . have standing to sue CareFirst based on their heightened risk of future identity theft, we need not address the Tringlers' separate argument as to *past* identity theft."). For this same reason, the Court does not need to consider the supplemental expert report, which does not purport to opine on the initial loss of privacy from the data breach.

Respectfully submitted,

*/s/ Terence R. Coates*

Terence R. Coates (0085579)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 East Court Street, Suite 530
Cincinnati, Ohio 45202
Telephone: (513) 651-3700
Facsimile: (513) 665-0219
*tcoates@msdlegal.com*

*Interim Class Counsel for*
*Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2026, I served the foregoing upon counsel of record for all parties by filing it with the court's electronic-filing system in accordance with Fed. R. Civ. P. 5(b)(2)(E).

*/s/ Terence R. Coates*
Terence R. Coates (0085579)