**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| ***In re Union Home Mortgage Corp. Data Breach Litigation*** | ) | CASE NO. 1:25-CV-1874 |
| | ) | |
| | ) | JUDGE OLIVER |
| | ) | |
| | ) | **REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBIT IN SUPPORT OF MOTION TO DISMISS** |
| | ) | |
| | ) | |
| | ) | |

Plaintiffs have responded to Defendant Union Home Mortgage Corp.'s ("UHM") simple Motion to File a Supplemental Exhibit by filing what amounts to an inappropriate sur-reply to UHM's Motion to Dismiss. Herein is UHM's response.

**A. The Court Must Consider UHM's Evidence in Support of Its Factual Challenge to Standing**

Plaintiffs urge the Court to "reject" the evidence UHM offers because Plaintiffs' burden of showing standing is "light" and should "rest[] on the pleadings," which they claim sufficiently alleges a risk of future identity theft. ECF 27 at 1. This argument ignores the fact that UHM has raised a *factual* challenge to standing. The Court *must* consider the UHM's evidence since it goes to the fundamental question of whether the Court has the authority to hear this case. And Plaintiffs cannot merely rely on the allegations in the Complaint but must offer competing *evidence* in order to carry their burden of proving that they have standing. *See* ECF 21 at 2-3 (citing cases).

The evidence presented by UHM shows that there is *not* a "certainly impending" risk of identity theft or other harm traceable to the ransomware incident because: 1) the ransomware group, Qilin, deleted the information stolen from UHM and never posted it to the dark web; and 2) Plaintiffs' private information already exists on the dark web as the result of *prior* data breaches of other companies. ECF 15; *see also* ECF 25-1.

Plaintiffs continue to refuse to present any evidence to rebut UHM's proof. In their original Opposition, they suggested that they had not had sufficient time to retain an expert and prepare an expert report (ECF 20 at 16) even though they had at least as much time as UHM had to do the same. Seven months have now passed since they proffered that excuse, yet Plaintiffs still offer no evidence in response. The only logical explanation for Plaintiffs' failure to present evidence of harm is that there is none.

Instead, Plaintiffs try to brush off UHM's evidence by citing cases that are completely inapposite. None of them involved a factual challenge to standing.

*Allen v. Wenco Mgmt., LLC*, 696 F. Supp. 3d 432 (N.D. Ohio 2023), did not involve a challenge to the plaintiff's standing at all. While the Court did discuss whether a risk of identity theft can give rise to standing, the issue before the Court was whether the plaintiff had sufficiently alleged damages to state a claim under Rule 12(b)(6). *Id.* at 437.

*In re MOVEit Customer Data Sec. Breach Litig.*, No. 1:23-MD-03083-ADB-PGL, 2024 WL 5092276 (D. Mass. Dec. 12, 2024), and *In re Change Healthcare, Inc. Customer Data Sec. Breach Litig.*, 820 F. Supp. 3d 820 (D. Minn. 2025), involved only facial challenges to standing. Moreover, the facts alleged in those cases were markedly different from the evidence presented here. In *In re MOVEit*, the complaint lacked any allegation that any ransom was paid by defendant. 2024 WL 5092276, at *7. In *In re Change Healthcare,* the court found that the ransom payment did not eliminate the alleged risk of future harm because, among other things, the stolen data had been left on the dark web by the hackers for about a week and another ransomware group claimed to have four terabytes of the stolen data and was selling it on the dark web. 820 F. Supp. 3d at 833.

In contrast, UHM's evidence shows that UHM paid Qilin the ransom, Qilin deleted the stolen data, and that data has never been posted on the dark web. ECF 17. The supplemental exhibit proffered by UHM confirms that this remains the case. ECF 25-1.

Plaintiffs also contend that "[e]ven if Defendant could prove that the information stolen in the data breach is not currently listed for sale on the dark web, that does not mean it was not previously published on the dark web, or that it will not be in the future. ECF 26 at 2. But here's the thing: UHM's *unrebutted* expert evidence proves that the data *has not* been posted on the dark web. ECF 17 ¶¶ 18-22; VI (1); *see also* ECF 25-1 ¶¶ 4-9; III(1). And while no one can completely eliminate the possibility that the data could be posted in the future, UHM's evidence shows that it is more likely than not that it will never be posted because Qilin is known for deleting all copies of stolen data when they are paid a ransom; their business model depends on maintaining this reputation, or else no one would pay them a ransom in the future. ECF 17 ¶ 16; *see also* ECF 25-1 ¶ 4. Plaintiffs' say-so to the contrary is not evidence. Without any evidence to rebut UHM's evidence, Plaintiffs cannot carry their burden of showing that they have standing.[1]

**B. Plaintiffs' Alleged "Privacy Injury" Is Not Analogous To Harm Caused By A Common Law Tort**

Finally, Plaintiffs suggest that the Court need not consider UHM's Supplemental Expert Report because they suffered an unspecified "privacy injury" when Qilin allegedly stole their data from UHM, even though the evidence shows that Qilin deleted the data and never posted or shared it with anyone else. In order for an alleged "privacy injury" to give rise to standing, it must be analogous to the harm caused by a specific common law tort. *TransUnion LLC v. Ramirez*, 594

[1] Plaintiffs complain that UHM has not shared the logs showing that the ransomware group deleted the stolen data. ECF 26 at 2 n. 1. But there has been no discovery in this case yet. If Plaintiff were to present any evidence to rebut UHM's, an evidentiary hearing *might* be in order so the Court could test and weigh the evidence, in which case the parties could exchange supporting data in advance. But since Plaintiffs steadfastly refuse to offer any evidence at all to rebut UHM's, a hearing is not warranted and their complaint should be dismissed.

U.S. 413, 424 (2021); *Gerber v. Herskovitz*, 14 F.4th 500, 506 (6th Cir. 2021). A general claim of a "privacy injury" won't do. *Patterson v. Associated Wholesale Grocers, Inc*., No. 25-CV-02221-EFM-TJJ, 2026 WL 395115, *8 (D. Kan. Feb. 12, 2026).

In their Opposition to UHM's Motion to Dismiss, Plaintiffs' cited the torts of public disclosure of private facts and intrusion upon seclusion. But UHM has already explained why the injury alleged by Plaintiffs is nothing like the harms addressed by these common law torts. *See* ECF 21 at 5-6. And Plaintiffs no longer press their intrusion-upon-seclusion analogy.

But Plaintiffs now argue that they suffered an injury akin to the harm caused by the tort of public disclosure of private information just from Qilin's exfiltration of their data from UHM, even if Qilin never posted that information or shared it with anyone else. ECF 26 at 2. The two decisions they cite, on their face, support their argument. But, as noted above, *Allen* did not actually involve a standing challenge. *Allen*, 696 F. Supp. 3d at 437. And *Munger v. Matco Tools Corp*., No. 5:23-CV-00337, 2026 WL 1223399 (N.D. Ohio May 5, 2026), is simply an outlier, and wrongly decided. The overwhelming majority of decisions addressing this issue, including from this court, hold that the tort of public disclosure of private facts requires *publicity*, *i.e*., disclosure to the *public*, and that the disclosure of information to (or theft of it by) a single entity or small group is not sufficient. *See* ECF 21 at 5-6 (citing cases). *See also Marlin v. Associated Materials*, LLC, No. 5:23cv 1621, 2024 WL 2319115 at *2-4 (N.D. Ohio May 22, 2024) (citing *Killilea v. Sears, Roebuck & Co.*, 27 Ohio App.3d 163, 166 (1985)); *In re BPS Direct, LLC; Cabela's, LLC Wiretapping Litig.*, 175 F.4th 423, 429-30 (3d Cir. 2026); *Holmes v. Elephant Insurance Co.*, 156 F.4th 413, 425 (4th Cir. 2025); *Castro v. Architectural Graphics, Inc.*, No. 2:25-CV-782, 2026 WL 1818974, at *3 (E.D. Va. May 21, 2026); *In re Practicefirst Data Breach Litig*., No. 1:21-CV-00790(JLS/MJR), 2022 WL 354544, *6-7 (W.D.N.Y. Feb. 2, 2022); *Farst v. AutoZone, Inc*., 700 F. Supp. 3d 222, 231 (M.D.

Pa. 2023); *In re Progressive Leasing Breach Litig.*, No. 2:23-CV-00783-DBB-CMR, 2025 WL 213744, *11-12 (D. Utah Jan. 16, 2025); *Patterson*, 2026 WL 395115, at *8; J*enkins v. Associated Wholesale Grocers, Inc.*, No. 24-4039-DDC-GEB, 2025 WL 708574, *12-13 (D. Kan. Mar. 5, 2025).

As the *Restatement (Second) of Torts* summarizes the law: this tort "depends upon publicity given to the private life of the individual," and "'[p]ublicity'…means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge"; "it is not an invasion of the right of privacy…to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons." *Id.* §652D, Comment a.

In addition, courts have held the information at issue must be of the type that would be humiliating or scandalizing if disclosed publicly. *See* ECF 21 at 5-6 (citing cases); *see also In re BPS Direct, LLC; Cabela's, LLC Wiretapping Litigation,* 175 F.4th at 431; *Holmes*, 156 F.4th at 423. Plaintiffs do not even try to argue that the information at issue here would be humiliating or scandalizing if it were disclosed publicly.

**C. Conclusion**

For the reasons discussed herein and in UHM's Motion for Leave to File Supplemental Exhibit (ECF 25), the Court should grant the Motion and allow UHM to file its Supplemental Expert Report in support of its Motion to Dismiss.

Respectfully submitted,

*s/ Michael A. Vatis*
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
Laura E. Kogan (0087453)
Caroline R. Hamilton (0100390)
Hannah Laubach (0104600)
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: lkogan@beneschlaw.com
chamilton@beneschlaw.com
hlaubach@beneschlaw.com

Michael A. Vatis
1155 Avenue of the Americas, 26 Floor
New York, New York 10036
Telephone: 646.593.7050
Facsimile: 646.755.3397
Email: mvatis@beneschlaw.com

*Attorneys for Defendant*
*Union Home Mortgage Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2026, I served the foregoing upon counsel of record for all parties by filing it with the Court's electronic filing system.

*/s/ Michael A. Vatis*
Michael A. Vatis