**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| In re Union Home Mortgage Corp. Data Breach Litigation, | ) | CASE NO. 1:25-CV-1874 |
| | ) | |
| | ) | JUDGE OLIVER |
| | ) | |
| | ) | **UNION HOME MORTGAGE CORP.'S ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT** |
| | ) | |

Defendant Union Home Mortgage Corp. ("UHM" or "Defendant"), by and through its undersigned counsel, hereby answers the Consolidated Class Action Complaint (the "Complaint") filed by Plaintiffs Jed Rudd, Mason Fink, Victor DiMarco, Francis Peters, Jeremy McMullen, Jacquelyne Washington, Josiah Florczykowski, Barry Contee, Michael Eils, Ikaika San Nicolas, Dillon Dowell, Charles Burrows, Codey Christopherson, and Tawana Whigham (collectively, "Plaintiffs"), as follows:

## PRELIMINARY STATEMENT

Defendant denies that Plaintiffs are entitled to any relief as requested in the Complaint. Defendant denies any and all allegations of wrongdoing or liability and asserts that it acted at all times in a reasonable and lawful manner. Defendant reserves all defenses, affirmative defenses, and other rights under applicable law.

## RESPONSE TO ALLEGATIONS

1. Defendant admits that Plaintiffs purport to bring this action as a class action on behalf of persons allegedly impacted by a data security incident. Defendant denies all remaining allegations in Paragraph 1, including any characterization of the incident or Defendant's conduct.

2. Defendant denies the allegations in Paragraph 2.

3. Defendant admits the allegations in Paragraph 3.

4. Defendant admits the allegations in Paragraph 4.

5. Defendant admits that on or about June 25, 2025, it learned of unauthorized access to its IT Network and launched an investigation. Defendant denies any remaining allegations or characterizations in Paragraph 5.

6. Defendant admits that on or about August 26, 2025, it learned that certain information contained in its IT Network **may** have been accessed by an unauthorized third party. Defendant denies any remaining allegations or characterizations in Paragraph 6.

7. Defendant states that the referenced notice letter speaks for itself. Defendant denies any remaining allegations or characterizations in Paragraph 7.

8. Defendant admits that it issued a public disclosure and began sending notice letters to potentially affected individuals on or about August 29, 2025. Defendant denies any remaining allegations or characterizations in Paragraph 8.

9. Defendant denies the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

11. To the extent Paragraph 11 is describing Defendant's Notice of Data Security Incident, that document speaks for itself. Defendant denies any remaining allegations or characterizations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Paragraph 18 describes Plaintiffs' litigation strategy and objectives, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 18.

19. Paragraph 19 describes Plaintiffs' litigation strategy and objectives, to which no response is required. To the extent a response is required, Defendant denies the allegations.

20. Paragraph 20 describes Plaintiffs' litigation strategy and objectives, to which no response is required. To the extent a response is required, Defendant denies the allegations.

## THE PARTIES

***The Plaintiffs***

***Plaintiff Jed Rudd***

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Defendant admits that Plaintiff Rudd was an employee of UHM and that he provided Defendant certain Private Information.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. To the extent Paragraph 24 is describing the data breach notice letter Defendant sent to the individuals potentially affected by the data breach, that document speaks for itself. Defendant denies the remaining allegations in Paragraph 24.

***Plaintiff Mason Fink***

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Defendant admits that Plaintiff Fink is a current customer of UHM and that he provided Defendant certain Private Information.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. To the extent Paragraph 28 is describing the data breach notice letter Defendant sent to individuals potentially affected by the data breach, that document speaks for itself. Defendant denies the remaining allegations in Paragraph 28.

***Plaintiff Victor DiMarco***

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. Defendant admits that Plaintiff DiMarco was a prospective customer and that he provided Defendant certain Private Information.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32. To the extent Paragraph 32 is describing the data breach notice letter Defendant sent to individuals potentially affected by the data breach, that document speaks for itself. Defendant denies the remaining allegations in Paragraph 32.

***Plaintiff Francis Peters***

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. To the extent Paragraph 36 is describing the data breach notice letter Defendant sent to individuals potentially affected by the data breach, that document speaks for itself. Defendant denies the remaining allegations in Paragraph 36.

***Plaintiff Jeremy McMullen***

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. Defendant states that Plaintiff McMullen started a loan application with Defendant and admits that he provided certain Private Information to Defendant.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40. To the extent Paragraph 40 is describing the data breach notice letter Defendant sent to individuals potentially affected by the data breach, that document speaks for itself. Defendant denies the remaining allegations in Paragraph 40.

***Plaintiff Jacquelyne Washington***

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44. To the extent Paragraph 44 is describing the data breach notice letter Defendant sent to individuals potentially affected by the data breach, that document speaks for itself. Defendant denies the remaining allegations in Paragraph 44.

***Plaintiff Josiah Florczykowsi***

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46. Defendant admits that Plaintiff Florczykowsi is a current customer and that he provided Defendant with some of his Private Information.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48. To the extent Paragraph 48 is describing the data breach notice letter Defendant sent to individuals potentially affected by the data breach, that document speaks for itself. Defendant denies the remaining allegations in Paragraph 48.

***Plaintiff Barry Contee***

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50. Defendant admits that Plaintiff Contee is a current customer of UHM and that he provided Defendant certain Private Information.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52. To the extent Paragraph 52 is describing the data breach notice letter Defendant sent to individuals potentially affected by the data breach, that document speaks for itself. Defendant denies the remaining allegations in Paragraph 52.

***Plaintiff Michael Eils***

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54. Defendant admits that it possesses certain Private Information belonging to Plaintiff Eils and that he has a loan with Defendant.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56. To the extent Paragraph 56 is describing the data breach notice letter Defendant sent to individuals potentially affected by the data breach, that document speaks for itself. Defendant denies the remaining allegations in Paragraph 56.

***Plaintiff Ikaika San Nicolas***

57. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58. Defendant admits that it possesses certain Private Information belonging to Plaintiff San Nicolas and that he applied for a loan with Defendant.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60. To the extent Paragraph 60 is describing the data breach notice letter Defendant sent to individuals potentially affected by the data breach, that document speaks for itself. Defendant denies the remaining allegations in Paragraph 60.

***Plaintiff Dillon Dowell***

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61.

62. Defendant admits that Plaintiff Dowell is a current customer of UHM and that he provided certain Private Information to Defendant.

63. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.

64. To the extent Paragraph 64 is describing the data breach notice letter Defendant sent to individuals potentially affected by the data breach, that document speaks for itself. Defendant denies the remaining allegations in Paragraph 64.

***Plaintiff Charles Burrows***

65. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.

66. Defendant admits that Plaintiff Burrows is a current customer of UHM and that he provided certain Private Information to Defendant.

67. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68. To the extent Paragraph 68 is describing the data breach notice letter Defendant sent to individuals potentially affected by the data breach, that document speaks for itself. Defendant denies the remaining allegations in Paragraph 68.

***Plaintiff Codey Christopherson***

69. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

70. Defendant admits that Plaintiff Christopherson is a current customer of UHM and that he provided certain Private Information to Defendant.

71. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71.

72. To the extent Paragraph 72 is describing the data breach notice letter Defendant sent to individuals potentially affected by the data breach, that document speaks for itself. Defendant denies the remaining allegations in Paragraph 72.

***Plaintiff Tawana Whigham***

73. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73.

74. Defendant admits that Plaintiff Whigham is a former customer of UHM and that she provided certain Private Information to Defendant.

75. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.

76. To the extent Paragraph 76 is describing the data breach notice letter Defendant sent to individuals potentially affected by the data breach, that document speaks for itself. Defendant denies the remaining allegations in Paragraph 76.

***Defendant Union Home Mortgage Corp.***

77. Defendant admits that it is an Ohio corporation with its principal place of business in Strongsville, Ohio.

## JURISDICTION AND VENUE

78. Paragraph 78 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) based on the allegations in the Complaint, but denies any remaining factual allegations not specifically admitted herein.

79. Paragraph 79 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it is incorporated under the laws of Ohio and is headquartered in this State. Defendant admits that this Court has personal jurisdiction over Defendant.

80. Paragraph 80 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this District. Defendant denies any remaining allegations or characterizations in Paragraph 80.

## FACTUAL ALLEGATIONS

### A. Background on Defendant

81. Defendant admits the allegations in Paragraph 81.

82. To the extent Paragraph 82 is quoting the "Our Story" page on Defendant's website, that document speaks for itself. Defendant admits the allegations in Paragraph 82.

83. To the extent Paragraph 83 is describing the "Home Page" of Defendant's website, that document speaks for itself. Defendant admits the allegations in Paragraph 83.

84. To the extent Paragraph 84 is describing the "Home Page" of Defendant's website, that document speaks for itself. Defendant admits the allegations in Paragraph 84.

85. To the extent Paragraph 85 is referencing the "Who is Union Home Mortgage: Branches Across the Nation" web page, that document speaks for itself. Defendant admits the allegations in Paragraph 85.

86. Defendant admits the allegations in Paragraph 86.

87. To the extent Paragraph 87 is quoting Defendant's Privacy Policy, that document speaks for itself. Defendant denies any allegations in Paragraph 87 inconsistent with its terms.

88. To the extent Paragraph 88 is quoting Defendant's Privacy Policy, that document speaks for itself. Defendant denies any allegations in Paragraph 88 inconsistent with its terms.

89. To the extent Paragraph 89 is quoting Defendant's Privacy Policy, that document speaks for itself. Defendant denies any allegations in Paragraph 89 inconsistent with its terms.

90. To the extent Paragraph 90 is quoting Defendant's Privacy Policy, that document speaks for itself. Defendant denies any allegations in Paragraph 90 inconsistent with its terms.

91. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

92. Defendant denies the allegations in Paragraph 92.

93. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93.

94. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94.

**B. The Data Breach**

95. To the extent Paragraph 95 is describing Defendant's consumer notification letter, that document speaks for itself. Defendant denies any remaining allegations or characterizations in Paragraph 95.

96. To the extent Paragraph 96 is describing Defendant's consumer notification letter, that document speaks for itself. Defendant denies any remaining allegations or characterizations in Paragraph 96.

97. To the extent Paragraph 97 is describing Defendant's consumer notification letter, that document speaks for itself. Defendant denies the allegations in Paragraph 97.

98. To the extent Paragraph 98 is describing Defendant's consumer notification letter, that document speaks for itself. Defendant admits the allegations in Paragraph 98.

99. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100. To the extent Paragraph 100 is describing Washington's "Data Breach Notification Directory," that web page speaks for itself. Defendant admits that it reported the data breach to the Washington State Office of the Attorney General on or about September 11, 2025.

101. To the extent Paragraph 101 is describing Texas's "Data Security Breach Reports," that web page speaks for itself. Defendant admits it reported the data breach to the Texas Office of the Attorney General on or about September 12, 2025.

102. Defendant denies the allegations in Paragraph 102.

103. Defendant denies the allegations in Paragraph 103.

104. Defendant denies the allegations in Paragraph 104.

105. Defendant admits that it offered the potentially affected individuals credit monitoring. Defendant otherwise denies the allegations in Paragraph 105.

106. Defendant denies the allegations in Paragraph 106.

107. Defendant denies the allegations in Paragraph 107.

108. Defendant denies the allegations in Paragraph 108.

109. Defendant denies the allegations in Paragraph 109.

**C. Defendant Knew—or Should Have Known—of the Risk of a Data Breach**

110. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110.

111. Defendant denies the allegations in Paragraph 111.

112. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112.

113. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113.

114. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114.

115. Defendant denies the allegations in Paragraph 115.

116. Defendant denies the allegations in Paragraph 116.

117. Defendant denies the allegations in Paragraph 117.

118. Defendant denies the allegations in Paragraph 118.

119. Defendant denies the allegations in Paragraph 119.

### D. Defendant's Failure to Prevent, Identify, and Timely Report the Data Breach

120. Defendant admits that an unauthorized third party accessed its IT Network. Defendant otherwise denies the allegations in Paragraph 120.

121. Defendant denies the allegations in Paragraph 121.

122. Defendant denies the allegations in Paragraph 122.

123. Defendant denies the allegations in Paragraph 123.

124. Defendant denies the allegations in Paragraph 124.

125. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125.

126. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126.

### E. Plaintiffs' Experience and Injuries

***Plaintiff Rudd's Experience***

127. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127.

128. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128.

129. Defendant denies the allegations in Paragraph 129.

130. Defendant denies the allegations in Paragraph 130.

131. Defendant denies the allegations in Paragraph 131.

132. Defendant denies the allegations in Paragraph 132.

133. Defendant denies the allegations in Paragraph 133.

134. Defendant denies the allegations in Paragraph 134.

135. Defendant denies the allegations in Paragraph 135.

136. Defendant denies the allegations in Paragraph 136.

137. Defendant denies the allegations in Paragraph 137.

***Plaintiff Fink's Experience***

138. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138.

139. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139.

140. Defendant denies the allegations in Paragraph 140.

141. Defendant denies the allegations in Paragraph 141.

142. Defendant denies the allegations in Paragraph 142.

143. Defendant denies the allegations in Paragraph 143.

144. Defendant denies the allegations in Paragraph 144.

145. Defendant denies the allegations in Paragraph 145.

146. Defendant denies the allegations in Paragraph 146.

147. Defendant denies the allegations in Paragraph 147.

148. Defendant denies the allegations in Paragraph 148.

***Plaintiff DiMarco's Experience***

149. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149.

150. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150.

151. Defendant denies the allegations in Paragraph 151.

152. Defendant denies the allegations in Paragraph 152.

153. Defendant denies the allegations in Paragraph 153.

154. Defendant denies the allegations in Paragraph 154.

155. Defendant denies the allegations in Paragraph 155.

156. Defendant denies the allegations in Paragraph 156.

157. Defendant denies the allegations in Paragraph 157.

158. Defendant denies the allegations in Paragraph 158.

159. Defendant denies the allegations in Paragraph 159.

***Plaintiff Peters' Experience***

160. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160.

161. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161.

162. Defendant denies the allegations in Paragraph 162.

163. Defendant denies the allegations in Paragraph 163.

164. Defendant denies the allegations in Paragraph 164.

165. Defendant denies the allegations in Paragraph 165.

166. Defendant denies the allegations in Paragraph 166.

167. Defendant denies the allegations in Paragraph 167.

168. Defendant denies the allegations in Paragraph 168.

169. Defendant denies the allegations in Paragraph 169.

170. Defendant denies the allegations in Paragraph 170.

***Plaintiff McMullen's Experience***

171. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171.

172. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172.

173. Defendant denies the allegations in Paragraph 173.

174. Defendant denies the allegations in Paragraph 174.

175. Defendant denies the allegations in Paragraph 175.

176. Defendant denies the allegations in Paragraph 176.

177. Defendant denies the allegations in Paragraph 177.

178. Defendant denies the allegations in Paragraph 178.

179. Defendant denies the allegations in Paragraph 179.

180. Defendant denies the allegations in Paragraph 180.

181. Defendant denies the allegations in Paragraph 181.

182. Defendant denies the allegations in Paragraph 182.

***Plaintiff Washington's Experience***

183. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183.

184. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184.

185. Defendant denies the allegations in Paragraph 185.

186. Defendant denies the allegations in Paragraph 186.

187. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187.

188. Defendant denies the allegations in Paragraph 188.

189. Defendant denies the allegations in Paragraph 189.

190. Defendant denies the allegations in Paragraph 190.

191. Defendant denies the allegations in Paragraph 191.

192. Defendant denies the allegations in Paragraph 192.

***Plaintiff Florcyzkowsi's Experience***

193. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193.

194. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194.

195. Defendant denies the allegations in Paragraph 195.

196. Defendant denies the allegations in Paragraph 196.

197. Defendant denies the allegations in Paragraph 197.

198. Defendant denies the allegations in Paragraph 198.

199. Defendant denies the allegations in Paragraph 199.

200. Defendant denies the allegations in Paragraph 200.

201. Defendant denies the allegations in Paragraph 201.

202. Defendant denies the allegations in Paragraph 202.

203. Defendant denies the allegations in Paragraph 203.

***Plaintiff Contee's Experience***

204. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204.

205. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205.

206. Defendant denies the allegations in Paragraph 206.

207. Defendant denies the allegations in Paragraph 207.

208. Defendant denies the allegations in Paragraph 208.

209. Defendant denies the allegations in Paragraph 209.

210. Defendant denies the allegations in Paragraph 210.

211. Defendant denies the allegations in Paragraph 211.

212. Defendant denies the allegations in Paragraph 212.

213. Defendant denies the allegations in Paragraph 213.

214. Defendant denies the allegations in Paragraph 214.

***Plaintiff Eils' Experience***

215. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215.

216. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216.

217. Defendant denies the allegations in Paragraph 217.

218. Defendant denies the allegations in Paragraph 218.

219. Defendant denies the allegations in Paragraph 219.

220. Defendant denies the allegations in Paragraph 220.

221. Defendant denies the allegations in Paragraph 221.

222. Defendant denies the allegations in Paragraph 222.

223. Defendant denies the allegations in Paragraph 223.

224. Defendant denies the allegations in Paragraph 224.

225. Defendant denies the allegations in Paragraph 225.

***Plaintiff San Nicholas' Experience***

226. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226.

227. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227.

228. Defendant denies the allegations in Paragraph 228.

229. Defendant denies the allegations in Paragraph 229.

230. Defendant denies the allegations in Paragraph 230.

231. Defendant denies the allegations in Paragraph 231.

232. Defendant denies the allegations in Paragraph 232.

233. Defendant denies the allegations in Paragraph 233.

234. Defendant denies the allegations in Paragraph 234.

235. Defendant denies the allegations in Paragraph 235.

236. Defendant denies the allegations in Paragraph 236.

***Plaintiff Dowell's Experience***

237. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237.

238. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238.

239. Defendant denies the allegations in Paragraph 239.

240. Defendant denies the allegations in Paragraph 240.

241. Defendant denies the allegations in Paragraph 241.

242. Defendant denies the allegations in Paragraph 242.

243. Defendant denies the allegations in Paragraph 243.

244. Defendant denies the allegations in Paragraph 244.

245. Defendant denies the allegations in Paragraph 245.

246. Defendant denies the allegations in Paragraph 246.

247. Defendant denies the allegations in Paragraph 247.

***Plaintiff Burrows's Experience***

248. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248.

249. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249.

250. Defendant denies the allegations in Paragraph 250.

251. Defendant denies the allegations in Paragraph 251.

252. Defendant denies the allegations in Paragraph 252.

253. Defendant denies the allegations in Paragraph 253.

254. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 254.

255. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255.

256. Defendant denies the allegations in Paragraph 256.

257. Defendant denies the allegations in Paragraph 257.

258. Defendant denies the allegations in Paragraph 258.

259. Defendant denies the allegations in Paragraph 259.

260. Defendant denies the allegations in Paragraph 260.

***Plaintiff Christopherson's Experience***

261. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261.

262. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262.

263. Defendant denies the allegations in Paragraph 263.

264. Defendant denies the allegations in Paragraph 264.

265. Defendant denies the allegations in Paragraph 265.

266. Defendant denies that Christopherson has experienced increased spam calls and spam text messages as a result of the Data Breach. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 266.

267. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267.

268. Defendant denies the allegations in Paragraph 268.

269. Defendant denies the allegations in Paragraph 269.

270. Defendant denies the allegations in Paragraph 270.

271. Defendant denies the allegations in Paragraph 271.

272. Defendant denies the allegations in Paragraph 272.

***Plaintiff Whigham's Experience***

273. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 273.

274. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 274.

275. Defendant denies the allegations in Paragraph 275.

276. Defendant denies the allegations in Paragraph 276.

277. Defendant denies the allegations in Paragraph 277.

278. Defendant denies the allegations in Paragraph 278.

279. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279.

280. Defendant denies the allegations in Paragraph 280.

281. Defendant denies the allegations in Paragraph 281.

282. Defendant denies the allegations in Paragraph 282.

283. Defendant denies the allegations in Paragraph 283.

284. Defendant denies the allegations in Paragraph 284.

**F. Plaintiffs and the Class Suffered Common Injuries and Damages Due to Defendant's Conduct**

285. Defendant denies the allegations in Paragraph 285.

286. To the extent Paragraph 286 is describing a research study published by the Department of Justice, that document speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286.

287. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 287.

288. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 288.

289. To the extent Paragraph 289 is describing advice from the Social Security Administration, that document speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 289.

290. Defendant denies the allegations in Paragraph 290.

291. Defendant denies the allegations in Paragraph 291.

292. Defendant denies the allegations in Paragraph 292.

293. Defendant denies the allegations in Paragraph 293.

**G. Significant Risk of Continued Identity Theft**

294. Defendant denies the allegations in Paragraph 294.

295. To the extent Paragraph 295 is quoting the FTC's definition of "identity theft," that provision speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 295.

296. To the extent Paragraph 296 is quoting the FTC's definition of "identifying information," that provision speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296.

297. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 297.

298. To the extent Paragraph 298 is describing an article published by Experian, that document speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298.

299. Defendant denies the allegations in Paragraph 299.

300. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 300.

301. To the extent Paragraph 301 is describing an article published on VPNOverview, that document speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 301.

302. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 302.

303. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 303.

304. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 304.

305. To the extent Paragraph 305 is describing an article posted by the Social Security Administration, that document speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 305.

306. To the extent Paragraph 306 is describing an article posted by Krebs on Security, that document speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 306.

307. Defendant denies the allegations in Paragraph 307.

308. To the extent Paragraph 308 is describing an article posted by the Social Security Administration, that document speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308.

309. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 309.

310. To the extent Paragraph 310 is describing an article published by NPR, that document speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310.

311. To the extent Paragraph 311 is describing statements made by Martin Walter, those statements speak for themselves. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311.

312. To the extent Paragraph 312 is describing an OMB Memorandum, that document speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 312.

313. Defendant denies the allegations in Paragraph 313.

314. Defendant denies the allegations in Paragraph 314.

315. To the extent Paragraph 315 is describing the FBI's Internet Crime Report, that document speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 315.

316. To the extent Paragraph 316 is describing the FBI's Internet Crime Report, that document speaks for itself. Defendant otherwise denies the allegations in Paragraph 316.

317. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 317.

318. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 318.

319. Defendant denies the allegations in Paragraph 319.

**H. Loss of Time to Mitigation the Risk of Identity Theft and Fraud**

320. Defendant denies the allegations in Paragraph 320.

321. To the extent Paragraph 321 is describing the 2007 GAO Report, that document speaks for itself. Defendant otherwise denies the allegations in Paragraph 321.

322. Defendant denies the allegations in Paragraph 322.

323. Defendant denies the allegations in Paragraph 323.

324. To the extent Paragraph 324 is describing an article published by the FTC, that document speaks for itself. Defendant otherwise denies the allegations in Paragraph 324.

325. Defendant denies the allegations in Paragraph 325.

**I. Diminished Value of Private Information**

326. To the extent Paragraph 326 is describing an article published by the FTC, that document speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 326.

327. Defendant denies the allegations in Paragraph 327.

328. Defendant denies the allegations in Paragraph 328.

329. Defendant denies the allegations in Paragraph 329.

330. Defendant denies the allegations in Paragraph 330.

331. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 331.

332. To the extent Paragraph 332 is describing an article published by the LA Times, that document speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 332.

333. To the extent Paragraph 333 is describing articles published by Datacoup, Inc. and Nielsen Computer & Mobile Panel, those documents speak for themselves. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 333.

334. Defendant denies the allegations in Paragraph 334.

335. Defendant denies the allegations in Paragraph 335.

**J. Future Cost of Credit and Identity Theft Monitoring is Reasonable and Necessary**

336. Defendant denies the allegations in Paragraph 336.

337. Defendant denies the allegations in Paragraph 337.

338. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 338.

339. To the extent Paragraph 339 is describing an article published by Forbes, that document speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 339.

340. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 340.

341. Defendant denies the allegations in Paragraph 341.

342. Defendant denies the allegations in Paragraph 342.

343. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 343.

344. To the extent Paragraph 344 is describing a report published by Javelin Strategy & Research, that document speaks for itself. Defendant otherwise denies the allegations in Paragraph 344.

345. Defendant denies the allegations in Paragraph 345.

**K. Lost Benefit of the Bargain**

346. Defendant denies the allegations in Paragraph 346.

347. Defendant denies the allegations in Paragraph 347.

348. Defendant denies the allegations in Paragraph 348.

349. To the extent Paragraph 349 is describing a report published by Cisco, that document speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 349.

350. To the extent Paragraph 350 is describing a report published by Cisco, that document speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 350.

351. Defendant denies the allegations in Paragraph 351.

**L. Defendant Could Have Prevented the Data Breach**

352. To the extent Paragraph 352 is describing the Data Breach and Encryption Handbook published by Lucy Thompson, that document speaks for itself. Defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 352.

353. To the extent Paragraph 353 is describing the Data Breach and Encryption Handbook published by Lucy Thompson, that document speaks for itself. Defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 353.

354. To the extent Paragraph 354 is describing the FTC guidelines, those documents speak for themselves. Defendant otherwise denies the allegations in Paragraph 354.

355. Defendant denies the allegations in Paragraph 355.

**M. Defendant Failed to Adhere to FTC Guidelines**

356. To the extent Paragraph 356 is describing the FTC guidelines, those documents speak for themselves. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 356.

357. To the extent Paragraph 357 is describing the FTC's publication "Protecting Personal Information: A Guide for Business," that document speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 357.

358. To the extent Paragraph 358 is describing the FTC's publication "Protecting Personal Information: A Guide for Business," that document speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 358.

359. To the extent Paragraph 359 is describing the FTC's publication "Protecting Personal Information: A Guide for Business," that document speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 359.

360. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 360.

361. Defendant denies the allegations in Paragraph 361.

**N. Defendant Failed to Adhere to GLBA Standards**

362. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 362.

363. To the extent Paragraph 363 is quoting the GLBA, that provision speaks for itself. Defendant admits that it is a financial institution under the GLBA.

364. Paragraph 364 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any allegations in Paragraph 364 inconsistent with the GLBA or its alleged application to Defendant.

365. Paragraph 365 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any allegations in Paragraph 365 inconsistent with Regulation P or its alleged application to Defendant.

366. To the extent Paragraph 366 is describing Defendant's Policy Compliance Manual, that document speaks for itself. Defendant denies any allegations in Paragraph 366 inconsistent with its terms.

367. Defendant admits that it is aware that it has certain obligations to protect certain information of consumers. Defendant otherwise denies the allegations in Paragraph 367.

368. Defendant denies the allegations in Paragraph 368.

369. To the extent Paragraph 369 is describing the Safeguards Rule, that provision speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 369.

370. Paragraph 370 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any allegations in Paragraph 370 inconsistent with the Safeguards Rule and its alleged application to Defendant.

371. Defendant denies the allegations in Paragraph 371.

372. Defendant denies the allegations in Paragraph 372.

**O. Defendant Failed to Follow Industry Standards**

373. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 373.

374. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 374.

375. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 375.

376. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 376.

377. Defendant denies the allegations in Paragraph 377.

378. Defendant denies the allegations in Paragraph 378.

**P. The Harm Caused by the Data Breach Now and Going Forward**

379. To the extent Paragraph 379 is describing an article published by the New York State Police, that document speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 379.

380. Defendant denies the allegations in Paragraph 380.

381. Defendant denies the allegations in Paragraph 381.

382. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 382.

383. To the extent Paragraph 383 is describing an article published by IdentityForce, that document speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 383.

384. To the extent Paragraph 384 is describing an article published by Armor, that document speaks for itself. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 384.

385. Defendant denies the allegations in Paragraph 385.

386. Defendant denies the allegations in Paragraph 386.

387. Defendant denies the allegations in Paragraph 387.

388. Defendant denies the allegations in Paragraph 388.

## CLASS ALLEGATIONS

389. Defendant admits that Plaintiffs purport to bring a class action. Defendant otherwise denies the allegations in Paragraph 389.

390. Paragraph 390 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 390.

391. Paragraph 391 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 391.

392. Paragraph 392 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 392.

393. Paragraph 393 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 393.

394. Paragraph 394 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 394.

395. Paragraph 395 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 395.

396. Paragraph 396 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 396.

397. Paragraph 397 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 397.

398. Paragraph 398 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 398.

399. Defendant admits the allegations in Paragraph 399.

400. Paragraph 400 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 400.

401. Paragraph 401 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 401.

402. Paragraph 402 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 402.

## CAUSES OF ACTION

### COUNT I
### NEGLIGENCE
### (On Behalf of Plaintiffs and the Class)

403. Defendant incorporates its responses to each and every paragraph set forth above as if fully restated herein.

404. Paragraph 404 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 404.

405. Defendant denies the allegations in Paragraph 405.

406. Defendant denies the allegations in Paragraph 406.

407. Defendant denies the allegations in Paragraph 407.

408. Defendant denies the allegations in Paragraph 408.

409. Defendant denies the allegations in Paragraph 409.

410. Defendant denies the allegations in Paragraph 410.

411. Defendant denies the allegations in Paragraph 411.

412. Defendant denies the allegations in Paragraph 412.

413. Defendant denies the allegations in Paragraph 413.

414. Defendant denies the allegations in Paragraph 414.

415. Defendant denies the allegations in Paragraph 415.

416. Defendant denies the allegations in Paragraph 416.

417. Defendant denies the allegations in Paragraph 417.

418. Defendant denies the allegations in Paragraph 418.

419. Defendant denies the allegations in Paragraph 419.

420. Defendant denies the allegations in Paragraph 420.

421. Defendant denies the allegations in Paragraph 421.

422. Defendant denies the allegations in Paragraph 422.

423. Defendant denies the allegations in Paragraph 423.

424. Defendant denies the allegations in Paragraph 424.

425. Defendant denies the allegations in Paragraph 425.

426. Defendant denies the allegations in Paragraph 426.

427. Defendant denies the allegations in Paragraph 427.

428. Defendant denies the allegations in Paragraph 428.

429. Defendant denies the allegations in Paragraph 429.

430. Defendant denies the allegations in Paragraph 430.

431. Defendant denies the allegations in Paragraph 431.

432. Defendant denies the allegations in Paragraph 432.

433. Defendant denies the allegations in Paragraph 433.

434. Defendant denies the allegations in Paragraph 434.

**COUNT II**
**BREACH OF IMPLIED CONTRACT**
**(On Behalf of Plaintiffs and the Class)**

435. Defendant incorporates its responses to each and every paragraph set forth above as if fully restated herein.

436. Paragraph 436 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 436.

437. Defendant denies the allegations in Paragraph 437.

438. Defendant denies the allegations in Paragraph 438.

439. Defendant denies the allegations in Paragraph 439.

440. Defendant denies the allegations in Paragraph 440.

441. Defendant denies the allegations in Paragraph 441.

442. Defendant denies the allegations in Paragraph 442.

443. Defendant denies the allegations in Paragraph 443.

444. Defendant denies the allegations in Paragraph 444.

445. Paragraph 445 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 445.

446. Defendant denies the allegations in Paragraph 446.

447. Paragraph 447 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 447.

448. Defendant denies the allegations in Paragraph 448.

449. Paragraph 449 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 449.

450. Paragraph 450 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 450.

451. Paragraph 451 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 451.

452. Paragraph 452 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 452.

453. Defendant denies the allegations in Paragraph 453.

454. Defendant denies the allegations in Paragraph 454.

455. Paragraph 455 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 455.

## COUNT III
## UNJUST ENRICHMENT

**(On Behalf of Plaintiffs and the Class)**

456. Defendant incorporates its responses to each and every paragraph set forth above as if fully restated herein.

457. This claim has been dismissed. No response is necessary.

458. This claim has been dismissed. No response is necessary.

459. This claim has been dismissed. No response is necessary.

460. This claim has been dismissed. No response is necessary.

461. This claim has been dismissed. No response is necessary.

462. This claim has been dismissed. No response is necessary.

463. This claim has been dismissed. No response is necessary.

464. This claim has been dismissed. No response is necessary.

465. This claim has been dismissed. No response is necessary.

466. This claim has been dismissed. No response is necessary.

467. This claim has been dismissed. No response is necessary.

468. This claim has been dismissed. No response is necessary.

469. This claim has been dismissed. No response is necessary.

470. This claim has been dismissed. No response is necessary.

471. This claim has been dismissed. No response is necessary.

472. This claim has been dismissed. No response is necessary.

**COUNT IV**
**VIOLATION OF THE CALIFORNIA CONSUMER PRIVACY ACT (“CCPA”)**
**Cal. Civ. Code § 1798.150**
**(On Behalf of Plaintiffs Peters and San Nicolas and the California Subclass)**

473. Defendant incorporates its responses to each and every paragraph set forth above as if fully restated herein.

474. Defendant denies the allegations in Paragraph 474.

475. Paragraph 475 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any allegations in Paragraph 475 inconsistent with the CCPA and its alleged application to Defendant.

476. Defendant admits that it received a letter purporting to be a notice under Cal. Civ. Code § 1798.150(b), which speaks for itself. Defendant denies the remaining allegations in Paragraph 476, including that Defendant has violated or continues to violate the CCPA.

477. Paragraph 477 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 477.

478. Paragraph 478 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 478.

479. Paragraph 479 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 479.

480. Paragraph 480 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 480.

**COUNT V**
**DECLARATORY JUDGMENT / INJUNCTIVE RELIEF**
**(On Behalf of Plaintiffs and the Class)**

481. Defendant incorporates its responses to each and every paragraph set forth above as if fully restated herein.

482. The Court dismissed the declaratory judgment claim and request for injunctive relief insofar as it relates to future breaches, and no response is necessary as to these claims. Defendant otherwise denies the allegations in Paragraph 482.

483. The Court dismissed the declaratory judgment claim and request for injunctive relief insofar as it relates to future breaches, and no response is necessary as to these claims. Defendant otherwise denies the allegations in Paragraph 483.

484. The Court dismissed the declaratory judgment claim and request for injunctive relief insofar as it relates to future breaches, and no response is necessary as to these claims. Defendant otherwise denies the allegations in Paragraph 484.

485. The Court dismissed the declaratory judgment claim and request for injunctive relief insofar as it relates to future breaches, and no response is necessary as to these claims. Defendant otherwise denies the allegations in Paragraph 485.

486. The Court dismissed the declaratory judgment claim and request for injunctive relief insofar as it relates to future breaches, and no response is necessary as to these claims. Defendant otherwise denies the allegations in Paragraph 486.

487. The Court dismissed the declaratory judgment claim and request for injunctive relief insofar as it relates to future breaches, and no response is necessary as to these claims. Defendant otherwise denies the allegations in Paragraph 487.

488. The Court dismissed the declaratory judgment claim and request for injunctive relief insofar as it relates to future breaches, and no response is necessary as to these claims. Defendant otherwise denies the allegations in Paragraph 488.

489. The Court dismissed the declaratory judgment claim and request for injunctive relief insofar as it relates to future breaches, and no response is necessary as to these claims. Defendant otherwise denies the allegations in Paragraph 489.

490. The Court dismissed the declaratory judgment claim and request for injunctive relief insofar as it relates to future breaches, and no response is necessary as to these claims. Defendant otherwise denies the allegations in Paragraph 490.

**COUNT VI**
**VIOLATIONS OF THE NORTH CAROLINA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**
**N.C. Gen. Stat. An. § 75-1.1, et seq.**
**(On Behalf of Plaintiff and the North Carolina Subclass)**

491. Defendant incorporates its responses to each and every paragraph set forth above as if fully restated herein.

492. Paragraph 492 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 492.

493. Paragraph 493 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 493.

494. Defendant denies the allegations in Paragraph 494.

495. Defendant denies the allegations in Paragraph 495.

496. Defendant denies the allegations in Paragraph 496.

497. Defendant denies the allegations in Paragraph 497.

498. Defendant denies the allegations in Paragraph 498.

499. Defendant denies the allegations in Paragraph 499.

500. Paragraph 500 contains a legal conclusion to which no response is required. To the extent this Paragraph contains any factual allegation that requires a response, Defendant denies the allegations in Paragraph 500.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the relief requested in the Complaint's Prayer for Relief, including but not limited to class certification, damages, statutory damages or penalties, pre-judgment interest, restitution, or any other relief.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Without admitting any wrongdoing or liability, and without waiving any argument that Plaintiffs bear the burden of proof on all elements of their claims, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiffs lack standing to pursue their claims because they have not suffered any injury-in-fact that is concrete, particularized, actual, or imminent, that is fairly traceable to any act or omission by Defendant, and the injury is not likely to be redressed by a favorable decision.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, and each and every claim alleged therein, fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Causation)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot establish that any alleged injury was proximately caused by any act or omission of Defendant.

**FOURTH AFFIRMATIVE DEFENSE**
**(Intervening and Superseding Cause)**

Plaintiffs' claims are barred, in whole or in part, because any alleged harm was caused by the criminal acts of third parties, which were an intervening and superseding cause of any harm that Plaintiffs may have suffered.

**FIFTH AFFIRMATIVE DEFENSE**
**(Lack of Injury or Harm)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any actual, compensable injury or harm.

**SIXTH AFFIRMATIVE DEFENSE**
**(No Implied Contract)**

Plaintiffs' claims for breach of implied contract are barred because no implied contract existed between Defendant and Plaintiffs or any putative class member.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Economic Loss Rule)**

Plaintiffs' negligence claims are barred by the economic loss rule to the extent Plaintiffs seek to recover purely economic losses in tort.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

Plaintiffs' claims are barred or reduced to the extent Plaintiffs failed to take reasonable steps to mitigate any alleged damages.

**NINTH AFFIRMATIVE DEFENSE**
**(Class Certification Not Warranted)**

Plaintiffs' claims are not appropriate for class treatment, as Plaintiffs cannot satisfy the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

**TENTH AFFIRMATIVE DEFENSE**
**(Comparative Fault / Contributory Negligence)**

Plaintiffs' claims are barred or must be reduced, in whole or in part, under the doctrine of comparative fault to the extent any alleged injury or damage was caused or contributed to by Plaintiffs' or putative class members' own negligence or failure to exercise ordinary care to protect their personal information, accounts, and/or payment cards.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Apportionment / Fault of Nonparties)**

Any liability of Defendant, which Defendant denies, must be apportioned among all persons or entities whose acts or omissions proximately caused or contributed to Plaintiffs' alleged injuries, including but not limited to the Plaintiffs themselves, any unauthorized third-party actors responsible for the cybersecurity incident, and any other entity that possessed Plaintiffs' information, pursuant to R.C. 2307.22 and 2307.23 and other applicable law.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Waiver, Estoppel, and Laches)**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Express Contract Bars Implied Contract)**

Plaintiffs' implied contract claim is barred to the extent the subject matter is governed by express written agreements, including loan, application, and employment documents, and any such agreements' terms, limitations, and disclaimers control.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(CCPA Statutory Exemptions)**

Plaintiffs' claim under the California Consumer Privacy Act ("CCPA") is barred, in whole or in part, because the information at issue is exempt from the CCPA, including under Cal. Civ.

Code § 1798.145, as information collected, processed, or disclosed pursuant to the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq., and because Defendant is not subject to the CCPA with respect to the information at issue.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Choice of Law / Extraterritoriality)**

Plaintiffs' claims are barred or limited to the extent the law of any jurisdiction is applied extraterritorially, and the laws of the various states differ materially such that Plaintiffs' claims cannot be adjudicated on a class-wide basis.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Arbitration, Class Action Waiver, and Contractual Limitations)**

Plaintiffs' claims, or those of certain putative class members, are subject to binding arbitration agreements, class action waivers, jury waivers, and/or contractual limitations, and Defendant expressly reserves and does not waive its right to compel arbitration or enforce such provisions.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Release / Accord and Satisfaction)**

Plaintiffs' claims, or those of certain putative class members, are barred to the extent they have been released, settled, or otherwise resolved through accord and satisfaction.

**RESERVATION OF RIGHTS**

Defendant reserves the right to amend, supplement, or modify its Answer and Affirmative Defenses as discovery and investigation proceed. Defendant further reserves all defenses available under applicable law, whether or not specifically enumerated herein.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Union Home Mortgage Corp. respectfully requests that the Court enter judgment in its favor and against Plaintiffs, and:

(a) Dismiss the Complaint with prejudice;

(b) Deny all relief requested by Plaintiffs;

(c) Award Defendant its costs and attorneys' fees incurred in defending this action; and

(d) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

*s/ Michael A. Vatis*
LAURA E. KOGAN (0087453)
CAROLINE R. HAMILTON (0100390)
HANNAH LAUBACH (0104600)
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: lkogan@beneschlaw.com
chamilton@beneschlaw.com
hlaubach@beneschlaw.com

MICHAEL A. VATIS
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: 646.593.7050
Email: mvatis@beneschlaw.com

*Attorneys for Defendant Union Home Mortgage Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2026 a copy of the foregoing Union Home Mortgage Corp.'s Answer to Consolidated Class Action Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*s/ Michael A. Vatis*

*Counsel for Defendant Union Home Mortgage Corp.*